**ATLANTIC INVESTMENTS, LLC; et al., Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 04–55849.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 30, 2005.

Edward O.C. Ord, Esq., Ord & Norman, San Francisco, CA, for Plaintiffs–Appellants.

Monica E. Tait, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: WARDLAW and PAEZ, Circuit Judges, and SINGLETON,* District Court Judge.

## MEMORANDUM **

Atlantic Investments, LLC and its sole owner and manager Joseph Khalifian (collectively "Atlantic") appeal an order of the district court granting the Government's motion to dismiss Atlantic's civil action for lack of subject matter jurisdiction and denying Atlantic's motion for summary judgment as moot. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo both a district court's dismissal for lack of subject matter jurisdiction, *see Bd. of Trs. of the Constr. Laborers' Pension Trust for S. Cal. v. M.M. Sundt Constr. Co.,* 37 F.3d 1419, 1420 (9th Cir.1994) (per curiam), and a district court's denial of a motion for summary judgment, *see Lindsey v. Shalmy,* 29 F.3d 1382, 1384 (9th Cir.1994).

We have held that "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any [constitutional] violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant." *United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1235 (9th Cir.1988). The claimant in *$83,310.78,* like Atlantic, filed her complaint[1] after receiving administrative notice of the civil forfeiture, but before the Government filed its civil forfeiture complaint in the district court. *Id.* at 1233. *$83,310.78* therefore controls the present case. Because Atlantic had an adequate remedy at law, the district court properly dismissed the civil complaint for lack of jurisdiction and denied the motion for summary judgment as moot.[2]

Atlantic additionally claims that it was deprived of due process of law when the civil action was transferred from one district judge to another judge of the same court pursuant to the Central District of

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The claimant in *$83,310.78* filed a Rule 41(e) motion, not a complaint. This distinction is immaterial because we treat a Rule 41(e) motion filed in the absence of a criminal case as a civil complaint seeking equitable relief. *See United States v. Martinson,* 809 F.2d 1364, 1366–67 (9th Cir.1987).

2. Because the district court dismissed Atlantic's civil action on jurisdictional grounds, the dismissal does not bar Atlantic from raising its constitutional challenges in the civil forfeiture proceeding. *See Orff v. United States,* 358 F.3d 1137, 1149 (9th Cir.2004), *aff'd,* ——— U.S. ———, 125 S.Ct. 2606, 162 L.Ed.2d 544 (2005).

California's General Order 224. "Retrial for violation of local rules on assignment of judges is not warranted unless the [litigant] can show prejudice." *United States v. Berberian,* 851 F.2d 236, 240 (9th Cir. 1988). Atlantic has not shown that it was prejudiced by the transfer, and its appeal fails on this ground as well.

Atlantic's motion for judicial notice[3] is denied with respect to the documents at Excerpts of Record tabs 4, 5, and 9, and granted with respect to the remaining documents and the authorities cited at page 11 of the Opening Brief. The Government's motion for judicial notice is granted.

AFFIRMED.

---

**3.** Atlantic styled its motion as a request to supplement the record, but we construe it as a motion for judicial notice.